**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGINE, INC., a Nevada corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>SPI/SEMICON, INC., a California corporation; SPI/SEMICON PHILS. INC., a Philippines corporation; SPI/SEMICON EUROPE GmbH, INC., an Austrian corporation; DML, INC., a Nevada corporation; DAVID KIETZKE, an individual; LARRY KIETZKE, an individual; MICHAEL KIETZKE, an individual; and DOES 1-50, inclusive,<br><br>           Defendants. | No. C-06-2692 SC<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE REMANDED TO STATE COURT |

## I. INTRODUCTION

Imagine Inc. ("Plaintiff" or "Imagine") brought this action against SPI/Semicon, Inc., et al. ("Defendants") in the Superior Court for the County of Alameda, California, alleging causes of action for, inter alia, breach of contract and fraud. Defendant DML, Inc. is incoporated in Nevada, as is Plaintiff.

Defendants timely removed the action to this Court based on diversity of the parties, alleging that the non-diverse defendant, DML, Inc., is a "sham defendant who must be disregarded in determining diversity." Defendants have also filed a motion to dismiss certain defendants for lack of personal jurisdiction and to dismiss certain causes of action for failure to state a claim upon which relief can be granted.

The Court, for the reasons contained herein, ORDERS

Defendants to show cause why the case should not be remanded to state court for want of subject matter jurisdiction.  Submissions on this issue must be filed with the Court within thirty days from the date of this Order.

If, after full and timely briefing on the issue, the Court finds that it has subject matter jurisdiction over this action, the Court will then rule on Defendants' motion to dismiss certain defendants and causes of action.  If, however, the Court finds that it lacks subject matter jurisdiction, the case will be remanded to state court.

**II.   BACKGROUND**

Plaintiff Imagine Inc. is a corporation organized under the laws of Nevada.  See Complaint ¶ 1 ("Compl."); Notice of Removal ¶ 7 ("NR").  Defendant DML, Inc. is also a Nevada corporation. See Compl. ¶ 5; NR ¶ 8.

**III.  DISCUSSION**

On the face of the Complaint, it appears that complete diversity is lacking.

Yet, Defendants removed to this Court alleging that diversity jurisdiction exists.  To this end, Defendants contend that "DML is a sham defendant who must be disregarded in determining diversity" because "DML is not alleged to be the alter ego of SPI Asia or of SPI Europe, the only Defendants with whom Plaintiff alleges it contracted.  As DML is not alleged to be the alter ego of SPI Asia or SPI Europe, and is further not alleged to be the agent of either, as a matter of law, it cannot be liable for their actions."  NR ¶ 17.

1    A federal court may examine the question of subject matter
2 jurisdiction sua sponte.  See Steel Company v. Citizens for a
3 Better Environment, 523 U.S. 83, 94 (1998).  When a court lacks
4 jurisdiction, the "only function remaining to the court is that of
5 announcing the fact and dismissing the cause."  Id., quoting Ex
6 parte McCardle, 7 Wall. 506, 514 (1868).

7    Suits filed in state court may be removed to federal court
8 where the federal court would have had original jurisdiction over
9 the action in the first instance.  28 U.S.C. § 1441(a).  The
10 federal courts have "original jurisdiction over all civil
11 actions arising under the Constitution, laws or treaties of the
12 United States."  28 U.S.C. § 1331.  The federal courts have
13 original jurisdiction over all civil actions where the matter is
14 between citizens of different states and where the amount in
15 controversy exceeds the sum or value of $75,000, exclusive of
16 interests and costs.  28 U.S.C. § 1332.

17    The Court reminds the parties that the removal statute is
18 strictly construed against removal.  See Boggs v. Lewis, 863 F.2d
19 662, 663 (9th Cir. 1988).  The defendant seeking removal of an
20 action to federal court has the burden of establishing grounds for
21 federal jurisdiction in the case.  See Gaus v. Miles, Inc. 980
22 F.2d 564, 566 (9th Cir. 1992).

23    As to the instant case, although Defendants partially
24 addressed this issue in the Notice of Removal, the Court orders
25 Defendants, who have the burden of establishing that the Court has
26 removal jurisdiction, to submit further briefing to show cause why
27 the case should not be remanded for want of jurisdiction.
28

3

Plaintiff is, of course, entitled to file briefing on this issue within thirty days from the date of this Order.

If Defendants fail to file within thirty days from the date of this Order, the Court will remand the action to state court.

## IV. CONCLUSION

The Court ORDERS Defendants TO SHOW CAUSE why this action should not be dismissed for lack of subject matter jurisdiction. If Defendants fail to file within thirty days from the date of this Order, the Court will remand the action to the California state court from whence it came.

IT IS SO ORDERED.

Dated: June 8, 2006

_____
UNITED STATES DISTRICT JUDGE

4