Paul E. Rice (State Bar No. 062509)
RUTAN & TUCKER, LLP
Five Palo Alto Square
3000 El Camino Real, Suite 200
Palo Alto, CA 94306-9814
Telephone: 650-320-1500
Facsimile: 650-320-9905

Attorneys for Defendants
SPI/SEMICON, INC., SPI/SEMICON PHILS, INC.,
SPI/SEMICON EUROPE GmbH, DML, INC.,
DAVID KIETZKE and MICHAEL KIETZKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGINE, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SPI/SEMICON, INC., a California corporation; SPI/SEMICON PHILS, INC., a Philippines corporation; SPI/SEMICON EUROPE GmbH, an Austrian corporation; DML, INC., Nevada corporation; DAVID KIETZKE, an individual; LARRY KIETZKE, an individual; MICHAEL KIETZKE, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C 06-02692 SC<br><br>[STIPULATED] PROTECTIVE ORDER |

Rutan & Tucker, LLP
attorneys at law

2342/017462-0012
707299.02 a05/17/06

[STIPULATED] PROTECTIVE ORDER

Case No.
C 06-02692 SC

## STIPULATED PROTECTIVE ORDER

All parties having agreed that a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, is both necessary and appropriate, and the United States District Court for the Northern District of California ("Court") having approved such an agreement,

**IT IS HEREBY ORDERED** that Plaintiff, Imagine, Inc. and Defendants, SPI/Semicon, Inc., SPI/Semicon Phils, Inc., SPI/Semicon Europe GmbH, DML, Inc., David Kietzke, and Michael Kietzke are to be bound by the following Protective Order for the protection of confidential information, documents, and other things produced, served, or otherwise provided in this action by the parties, or by third parties. This Protective Order shall remain in effect until superceded by order of Court, or until stipulated by the parties.

A.   **Designated Material.**

1.   Information, materials and/or discovery responses may be designated pursuant to this Protective Order by the person or entity producing or lodging it or by any party to this Action (the "Designating Party") if: (a) produced or served, formally or informally, or pursuant to the Federal Rules of Civil Procedure in response to any formal or informal discovery request in this Action; (b) filed or lodged with the Court; and/or (c) filed or lodged with a special master and/or discovery master or referee, and/or mediator or other alternative dispute resolution provider. All such information and material and all information or material derived therefrom constitutes "Designated Material" which includes materials designated "CONFIDENTIAL" and "ATTORNEYS AND CONSULTANTS ONLY" under this Protective Order. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all material designated under this Protective Order shall be used only for purposes of this Action, and shall not be used or disclosed by the party receiving the Designated Material except as provided under the terms of this Protective Order. (For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, discuss, or provide any portion of the Designated

Rutan & Tucker, LLP
attorneys at law

2342/017462-0012
707299.02 a05/17/06

-1-

[STIPULATED] PROTECTIVE ORDER

Case No.
C 06-02692 SC

Material or its contents, orally or in written communication, including the original or a copy of the Designated Material.)

2. Subject to the limitations set forth in this Protective Order, Designated Materials may be marked "CONFIDENTIAL" for the purposes of avoiding disclosure of information the Designating Party in good faith believes is confidential, significantly sensitive and/or is protected by the right to privacy guaranteed by the laws of the Federal Constitution, or any applicable State law or Constitution. Such information may include, but is not limited to:

(a) Financial performance or results, including without limitation income statements, balance sheets, cash flow analyses, budget projections, and present value calculations.

(b) Corporate and strategic planning, including without limitation marketing plans, competitive intelligence reports, sales projections and competitive strategy documents; and

(c) Technical data, research and development data, and any other confidential commercial information or trade secrets of any party to this Action.

3. Subject to the limitations set forth in this Protective Order, a designation of "ATTORNEYS AND CONSULTANTS ONLY" means information, such as but not limited to, proprietary business data, proprietary details or other information about manufacturing processes, product design or testing, or other competitively sensitive data, whether or not embodied in any physical medium, used by the Designating Party in or pertaining to its trade or business, which information the Designating Party believes in good faith has significant competitive value which, if disclosed to the requesting party, would cause competitive harm to the Designating Party. Such information must not be generally known to third parties or the public and is limited to information that the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence. Information may also be designated "ATTORNEYS AND CONSULTANTS ONLY" if the Designating Party believes in good

Rutan & Tucker, LLP
attorneys at law

2342/017462-0012
707299.02 a05/17/06

-2-

[STIPULATED] PROTECTIVE ORDER

Case No.
C 06-02692 SC

1  faith that the information is significantly sensitive and is protected by the right to privacy
2  guaranteed by the laws of the State of California.
3     4.   Blanket designation of documents or information as "CONFIDENTIAL" or
4  "ATTORNEYS AND CONSULTANTS ONLY," en masse and/or without regard to the
5  specific contents of each document or piece of information, is prohibited.
6  B.  **Access to Designated Materials.**
7     1.   Materials designated CONFIDENTIAL may be disclosed only to the
8  following:
9     (a)  Persons who appear on the face of Designated Materials marked
10  "CONFIDENTIAL" as an author, addressee, or recipient thereof;
11     (b)  "Outside Counsel" retained as litigation attorneys of record in this
12  Action, and their respective associates, clerks, legal assistants, stenographic, videographic
13  and support personnel, and other employees and contractors of such outside litigation
14  attorneys, and organizations retained by such attorneys to provide litigation support
15  services in this Action and the employees of said organizations.
16     (c)  "Outside Consultants" including non-party experts and consultants
17  retained or employed by Outside Counsel to assist in the preparation of, and/or to provide
18  testimony in the case, to the extent reasonably necessary to render professional services in
19  this Action, subject to the disclosure requirements of section C.
20     (d)  The parties to this action and their officers and directors of the parties
21  on a reasonably necessary basis provided that no party or any representative thereof may
22  receive any Designated Material without having first executed a certification in the form of
23  Exhibit A hereto;
24     (e)  Employees of the parties on a "reasonably necessary" basis, provided
25  that no party or any representative thereof may receive any Designated Material without
26  having first executed a certification in the form of Exhibit A hereto.
27     Nothing in this Protective Order shall be deemed to constitute a
28  waiver of the right of a party to object to the production of documents or information

Rutan & Tucker, LLP
attorneys at law

2342/017462-0012
707299.02 a05/17/06

-3-

[STIPULATED] PROTECTIVE ORDER

Case No.
C 06-02692 SC

based on grounds such as privilege, right of privacy and/or that the documentation or information sought is relevant to the claim or defense of any party, or is relevant to the subject matter involved in the action; and

  (f) Subject to Sections G and I below, Designated Material marked "CONFIDENTIAL" may also be shown to witnesses at deposition and/or at trial.

 2. Materials Designated "ATTORNEYS AND CONSULTANTS ONLY" may not be disclosed to the parties to this Action, to in-house counsel, if any, or to the officers, directors, or employees of the parties hereto. Materials marked ATTORNEYS AND CONSULTANTS ONLY- may only be reviewed by or disclosed to:

  (a) Persons who appear on the face of Designated Materials marked ATTORNEYS AND CONSULTANTS ONLY as an author, addressee, or recipient thereof;

  (b) Outside Counsel for the parties to this Action, as defined in B1.(b) above;

  (c) Outside Consultants, to the extent reasonably necessary to render professional services in this Action, subject to the disclosure requirements of Section C; and

  (d) Subject to Sections G(3) and I below, Designated Material marked "ATTORNEYS AND CONSULTANTS ONLY" may also be shown to witnesses at deposition and/or at trial.

 3. Each Outside Consultant to whom any Designated Material may be disclosed pursuant to the provisions in this Protective Order, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Protective Order and shall certify under penalty of perjury that he or she has carefully read the Protective Order and fully understands its terms and agrees to be bound thereby. This certificate shall be in the form attached as Exhibit A hereto. Outside Counsel who makes any disclosure of Designated Materials shall retain each original executed certificate, promptly provide a

Rutan & Tucker, LLP
attorneys at law

2342/017462-0012
707299.02 a05/17/06

-4-

[STIPULATED] PROTECTIVE ORDER

Case No.
C 06-02692 SC

copy to counsel who has retained him/her and, upon written request, shall circulate copies to all Outside Counsel at the termination of this Action.

C. **Access By Outside Consultants.**

1. If any party wishes to disclose information or materials designated under this Protective Order to any Outside Consultant, it must first identify that individual to Outside Counsel for the Designating Party, who shall have 15 business days from receipt of such notice to object in writing to such disclosure to any individual so identified. Such identification shall at least include the full name and professional address and/or affiliation of the individual, his or her prior employment, consultancies and testimony for the previous five years, including identification of the law firm, case number, venue and party on whose behalf the Outside Consultant was retained, a statement that said Outside Consultant is neither an employee or consultant nor anticipated to become an employee or consultant (except that such Outside Consultant may act in the capacity as Outside Consultant, as that defined herein, in litigation) of the party on whose behalf he/she was retained in the future, and all of said person's other present employment or consultancies in the field. Nothing contained herein shall require an attorney outside consultant to disclose any attorney-client privileged and/or work product doctrine information. The parties shall attempt to resolve any objections informally, and approval by the Designating Party shall not be unreasonably withheld. If the objections cannot be resolved, the objecting party may, within 15 business days following its objection, move for a protective order preventing disclosure of Designated Materials to the individual. In the event that such a motion is made, the party seeking to prohibit disclosure shall bear the burden of proving that the disclosure is inappropriate. Prior to the resolution of any such objection, an opposing party's Designated Materials shall not be disclosed to person(s) so designated. Without modifying any obligations under the Federal Rules of Civil Procedure for testifying experts, the parties shall not have any obligation under the terms of this Protective Order to identify which materials are provided to Outside Consultants. The disclosure of the identity of a proposed Outside Consultant shall not result in said person

Rutan & Tucker, LLP
attorneys at law

2342/017462-0012
707299.02 a05/17/06

-5-

[STIPULATED] PROTECTIVE ORDER

Case No.
C 06-02692 SC

being subject to deposition or other discovery procedure. Except as provided for pursuant to F.R.C.P., Rule 26(b)(4)(B), any depositions or other discovery procedures involving any Outside Consultant shall not take place until that Outside Consultant has been designated as an expert, pursuant to F.R.C.P. Rule 26.

2.  Each Outside Consultant to whom any Designated Material may be disclosed pursuant to the provisions in this Protective Order shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Protective Order and shall certify under penalty of perjury that he or she has carefully read the Protective Order and fully understands its terms and agrees to be bound thereby. This certificate shall be in the form attached as Exhibit A hereto. Outside Counsel who makes any disclosure of Designated Materials shall retain each original executed certificate and, upon written request, shall circulate copies to all Outside Counsel.

3.  In addition to the foregoing, each Outside Consultant to whom any designated material will be disclosed shall, prior to disclosure of such material, execute the Certification of Consultant in the form attached as Exhibit B hereto. Upon receipt of this Certification of Consultant by counsel for the party retaining the Consultant, disclosure of such Designated Material may be made to the Outside Consultant without notification to the Designating Party or any other party to this Action. Outside Counsel who makes any disclosure of Designated Materials shall retain each original executed Certification of Consultant and, upon written request, shall circulate copies to all Outside Counsel at the termination of this Action.

D.  **Use Of Designated Materials By Designating Party.**

Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

Rutan & Tucker, LLP
attorneys at law

2342/017462-0012
707299.02 a05/17/06

-6-

[STIPULATED] PROTECTIVE ORDER

Case No.
C 06-02692 SC

E. **Procedure For Designating Materials.**

Documents, materials and discovery responses, in whole or in part, may be designated as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY as follows:

1. The Designating Party shall designate materials by placing the legend CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY on each page of the materials prior to production.

2. When a party wishes to designate as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY materials produced or disclosed by someone other than the Designating Party, such designation shall be made:

   (a) Within 15 days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

   (b) By written notice to all parties to this Action and to the producing or Designating Party, if such party is not a party to this Action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by facsimile and regular mail.

3. Upon notice of designation pursuant to Section F.2, all persons receiving notice of the requested designation of materials shall:

   (a) Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

   (b) Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Protective Order;

   (c) Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Protective Order; and

Rutan & Tucker, LLP
attorneys at law

2342/017462-0012
707299.02 a05/17/06

-7-

[STIPULATED] PROTECTIVE ORDER

Case No.
C 06-02692 SC

(d)  If Designated Material is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Designating Party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person(s). Notwithstanding the foregoing, Outside Counsel are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of Designated Material.  Nothing in this Protective Order shall prevent a party from filing a motion with the Court seeking contempt or other such relief for any violation of this Protective Order.

F.   **Procedure For Designating Depositions**.

1.  Deposition transcripts or portions thereof may be designated as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY by a party during deposition testimony taken in this Action, in which case the portion of the transcript containing the Designated Material shall be identified in the transcript by the Court Reporter as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY. The designated testimony shall be bound in a separate volume and marked by the Court Reporter accordingly.

2.  Where testimony is designated at a deposition, or where DESIGNATED MATERIALS are disclosed to a witness, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Designated Material.  Materials designated ATTORNEYS AND CONSULTANTS ONLY shall not be disclosed to a party during discovery, including depositions, without first obtaining the written consent of the designating party, or, upon Order of Court.

3.  Notwithstanding the provisions set forth in Sections B and C above of this Protective Order, any party may, subject to the provisions of the following paragraph, mark Designated Material as a deposition exhibit and examine any witness thereon,

1  provided that the exhibit and related transcript pages receive the same confidentiality
2  designation as the original Designated Material. Any person who is shown a deposition
3  exhibit comprised of Designated Material, but who is not otherwise entitled to access to
4  such Material under Sections B and C above, shall not be allowed (except by express
5  permission of the Designating Party) to keep a copy of the deposition exhibit, and shall not
6  be furnished a copy of such deposition exhibit when given the opportunity to review the
7  deposition transcript for accuracy following the deposition. Any such review shall take
8  place at the offices of the Court Reporter, or of outside counsel.

9  If either party in good faith objects to the production of Designated Materials
10 marked ATTORNEYS AND CONSULTANTS ONLY to a witness at deposition, they are
11 entitled to have the Court (or Special Master and/or Discovery Master or Referee if one
12 has been appointed) rule on such objection prior to the material being shown to said
13 witness.

14 Before Designated Materials are disclosed to a witness at deposition, the witness
15 shall be advised on the record at the deposition of the existence of the following relevant
16 portion of this Protective Order, entered by the Court in this Action:

> **The Court orders that a witness shown at deposition and/or trial any materials designated CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY may not, absent court order, discuss with any person(s), other than those persons authorized to view the materials designated CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY, any of the materials designated CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY shown to or discussed with the witness at the deposition and/or trial. A violation of this prohibition shall be grounds for a finding by the Court that the witness is in contempt of court.**

25  4.   Any party may, within 15 days after receiving a deposition transcript,
26 designate pages of the transcript and/or its exhibits as Designated Material. If any party so
27 designates such material, the Designating Party shall provide written notice via facsimile
28 and regular mail of such designation to all parties within the 15-day period. Designated

Rutan & Tucker, LLP
attorneys at law
2342/017462-0012
707299.02 a05/17/06
-9-
[STIPULATED] PROTECTIVE ORDER
Case No. C 06-02692 SC

Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY, consistent with the terms of this Protective Order. Until the expiration of the 15-day period, the deposition transcript, including all exhibits thereto, shall be treated as ATTORNEYS AND CONSULTANTS ONLY. After the expiration of the 15-day period, all undesignated portion(s) of the deposition transcript and/or exhibits may be disclosed without restriction. The Designated portions shall be treated according to the appropriate level of protection under this Protective Order.

G. **Copies**.

All complete or partial copies of Designated Materials shall also be deemed subject to the terms of this Protective Order.

H. **Court Procedures.**

1. **Disclosure of Designated Material to Court Officials**. Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this Action (including court reporters, persons operating video recording equipment at depositions, and any special master and/or discovery master or referee appointed by the Court) and the jury in this Action, and any interpreters interpreting on behalf of any party or deponent.

2. **Filing Designated Materials with the Court.** In applications and motions to the Court, all Designated Material filed with the Court shall be filed in a sealed envelope or container on which shall be affixed a cover sheet, which shall contain an indication of the nature of the contents and prominently display the notation, in bold text, "DOCUMENT FILED UNDER SEAL" and a statement, in bold text, substantially as follows:

THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

The submission shall indicate clearly which portions are Designated Materials. The notation, in bold, "DOCUMENT FILED UNDER SEAL" shall also be made on the document itself, as well as on the cover sheet. The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, requests for admission, and other pleadings filed under seal with the Court in this Action that have been designated, in whole or in part, as Designated Material by a party to this Action.

The submission shall indicate clearly which portions are Designated Materials. A party that files a paper that is a pleading, brief, declaration, or exhibit that contains, in excerpts, quotes, or paraphrases Designated Material shall only file the particular document or portion thereof under seal for which good cause to seal exists. The notation "DOCUMENT FILED UNDER SEAL" shall also be made on the document itself, as well as on the cover sheet.

The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, request for admission, and other pleadings filed under seal with the Court in this Action that have been designated, in whole or in part, as Designated Material by a party to this Action.

3. **Retrieval of Designated Materials.** The party lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of this Action (including after any appeals).

4. **Failure to File Under Seal.** If any party fails to file Designated Materials under seal, the Designating Party or any party to this Action may request that the Court place the Designated Materials under seal within ten (10) days of the filing of said Designated Materials. The Clerk of the Court is directed to comply with such request if made.

5. **Use of Designated Materials In Open Court.** The parties shall not present or quote from any Designated Material in open court, unless the Court shall order otherwise. Except in accordance with documents filed under seal pursuant to the

Rutan & Tucker, LLP
attorneys at law

2342/017462-0012
707299.02 a05/17/06

-11-

[STIPULATED] PROTECTIVE ORDER

Case No.
C 06-02692 SC

procedures specified above, the parties shall not present or quote from any Designated Material in any document filed with the Court. Presentation of, or quotations from, Designated Materials shall be heard by the Court under such conditions and safeguards as the Court may impose to prevent improper disclosure of Designated Materials. Not less than 30 days prior to the date set for trial, the parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

I. **Objections**.

1. A party may challenge the propriety of any designation under this Protective Order at any time. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection"). Service of a Notice of Objection shall be made by facsimile and by mail.

2. On, but not before, the tenth (10) business day after service of a Notice of Objection in full compliance with section I.1, the challenged material shall be deemed de-designated or re-designated unless the Designating Party has served by fax or hand delivery a response to the Notice of Objection setting forth the legal and factual grounds upon which the Designating Party bases its position that the materials should maintain the original designation or for designating the material otherwise. A motion to change the designation shall be filed within ten (10) court days after receipt of the response to the Notice of Objection. In the event of a motion to change the designation, the material at issue may be submitted to the Court for *in camera* inspection prior to the first hearing or conference on the subject. It shall be the burden of the Designating Party under such circumstances to establish that the information so designated is properly designated CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY within the meaning of this Protective Order. Upon the timely filing of such a motion, the original designation shall remain effective until ten (10) court days after service of notice of entry of an order re-designating the materials and during the pendency of any writ petition filed within the

Rutan & Tucker, LLP
attorneys at law

2342/017462-0012
707299.02 a05/17/06

-12-
[STIPULATED] PROTECTIVE ORDER

Case No.
C 06-02692 SC

ten (10) court day period. The Designating Party may also file a brief on the matter in addition to the original response to the Notice of Objection.

      3.    The parties shall meet and confer in good faith prior to the filing of any motion under this section.

J.    **Client Communication.**

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, counsel shall comply with the terms of this Protective Order.

K.    **No Prejudice.**

      1.    This Protective Order shall not diminish any existing obligation or right with respect to Designated Materials, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

      2.    Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this Action. Additionally, in the event that any Designated Material is used in any hearings, trial, appeal or other proceeding in this Action, it shall not lose its status of CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY material through such use.

      3.    If any person required to produce documents inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Protective Order.

      4.    If any party receives information, materials and/or discovery responses, which it reasonably believes was inadvertently produced without legend, it shall promptly advise

Rutan & Tucker, LLP
attorneys at law

2342/017462-0012
707299.02 a05/17/06

-13-

[STIPULATED] PROTECTIVE ORDER

Case No.
C 06-02692 SC

1 the producing party by facsimile and U.S. Mail. The producing party shall have ten (10)
2 calendar days in which to legend said information, materials and/or discovery responses.
3 During this ten (10) day period, counsel for the receiving party shall treat said information,
4 materials and/or discovery responses as if designated ATTORNEYS AND
5 CONSULTANTS ONLY.

6     5.    The restrictions as to use or dissemination of information or materials, set
7 forth in any of the preceding paragraphs, shall not apply as to:

8     (a)    Any information which at the time of the designation under this
9 Protective Order is available to the public;

10     (b)    Any information which after designation under this Protective Order
11 becomes available to the public through no act, or failure to act, attributable to the
12 receiving party or its counsel;

13     (c)    Any information which the receiving party, its counsel, or any
14 recipient of designated material under this Protective Order can show as a matter of written
15 record was already known to the receiving party through means other than any violation of
16 law.

17 **L.**    **Modification and Survival.**

18     1.    **Modification; Addition of Parties to This Stipulation.**

19     (a)    All parties reserve the right to seek modification of this Protective
20 Order at any time for good cause. The parties agree to meet and confer prior to seeking to
21 modify this Protective Order for any reason. The restrictions imposed by this Protective
22 Order may only be modified or terminated by written stipulation of all parties or by order
23 of Court.

24     (b)    Parties to this Action who are not listed herein or who become parties
25 to this Action after the latest date of execution may become parties to this Protective
26 Order, and thereby be bound by all the terms and conditions stated herein, by executing a
27 written agreement thereto, to be signed by all Outside Counsel for the parties, and which
28 designates Outside Counsel for the additional party.

Rutan & Tucker, LLP
attorneys at law

2342/017462-0012
707299.02 a05/17/06

-14-

[STIPULATED] PROTECTIVE ORDER

Case No.
C 06-02692 SC

1    2.   **Survival and Return of Designated Material.** This Protective Order shall survive termination of this Action. Upon final termination of this Action, including appeals and retrials, and at the written request of the Designating Party, all Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall be returned to Outside Counsel for the Designating Party or, if such party is not represented by counsel, directly to the Designating Party. Such Designated Materials shall either be returned at the expense of the Designating Party or, at the option and expense of the requesting party, destroyed. Upon request for the return or destruction of Designated Materials, Outside Counsel shall certify their compliance with this provision and shall deliver such certification to Outside Counsel for the Designating Party not more than thirty (30) days after the written request to return or destroy Designated Materials.

Notwithstanding the provisions for return or destruction of Designated Material, Outside Counsel may retain pleadings, attorney and consultant work product, deposition transcripts and exhibits containing Designated Material, as well as one copy of each item of Designated Material for archival purposes.

M.   **Court's Retention of Jurisdiction.**

The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

N.   **Authorization and Execution.**

This Protective Order is executed by the parties, and by their counsels of record, who also sign on behalf of themselves and their respective law firms. Each attorney executing this Protective Order on behalf of any party represents that the attorney has fully disclosed to the party the terms of this Protective Order and is duly authorized by that attorney's client to execute this Protective Order.

///
///
///
///

Rutan & Tucker, LLP
attorneys at law
2342/017462-0012
707299.02 a05/17/06
-15-
[STIPULATED] PROTECTIVE ORDER
Case No.
C 06-02692 SC

1  Dated: May 24, 2006           BROWN, WINFIELD & CANZONERI, INC.

3                         By _____
                             Andrew J. Sokolowski

                          Attorneys for Imagine, Inc.

7  Dated: May ___, 2006          RUTAN & TUCKER, LLP

9                         By _____
                             Paul E. Rice

                          Attorneys for SPI/SEMICON, INC.,
                          SPI/SEMICON PHILS, INC., SPI/SEMICON
                          EUROPE GmbH, DML, INC., DAVID
                          KIETZKE and MICHAEL KIETZKE

**ORDER**

Pursuant to the foregoing stipulation, IT IS SO ORDERED.

   June 8, 2006
Dated: ~~May ___, 2006~~         By: _____
                                     The Honorable Samuel Conti
                                     United States District Court Judge

*IT IS SO ORDERED*
*Judge Samuel Conti*

# EXHIBIT A

## CERTIFICATION RE: MATERIAL COVERED BY PROTECTIVE ORDER

I, the undersigned, hereby certify that I have read the Protective Order entered in the United States District Court, Northern District of California in the case entitled *Imagine, Inc. v. SPI/Semicon, Inc., et al.*, Case No. C 06-02692 SC.

I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court, Northern District of California, with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Designated Materials to anyone other than persons specially authorized by the Protective Order, and I agree to return all such materials that come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:

Company or Firm:

Address:

Telephone No.:

Relationship to this Action and parties:

Date

Signature

Rutan & Tucker, LLP
attorneys at law

2342/017462-0012
707299.02 a05/17/06

EXHIBIT A
[STIPULATED] PROTECTIVE ORDER

Case No.
C 06-02692 SC

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT**

I, the undersigned, hereby certify that I have read the Protective Order entered in the United States District Court, Northern District of California in the case entitled *Imagine, Inc. v. SPI/Semicon, Inc., et al.*, Case No. C 06-02692 SC.

I certify that I am not employed by or affiliated with a competitor of any person or entity currently a party (as of the time of the execution of this Certification) to this Action. If at any time after I execute this Consultant Certification and during the pendency of this Action I become engaged in business as a competitor of any person or entity currently a party to this Action, I will promptly inform the counsel for the party who retained me in this Action, and I will not thereafter review any Designated Materials unless and until the Court in this Action orders otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:

Company or Firm:

Address:

Telephone No.:

Date:

Signature:

Rutan & Tucker, LLP
attorneys at law

2342/017462-0012
707299.02 a05/17/06

EXHIBIT B
[STIPULATED] PROTECTIVE ORDER

Case No.
C 06-02692 SC