UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IMAGINE, INC., a Nevada corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. C-06-2692 SC<br><br>ORDER REMANDING<br><u>ACTION TO STATE COURT</u> |
| Plaintiff, | | |
| v. | | |
| SPI/SEMICON, INC., a California corporation; SPI/SEMICON PHILS. INC., a Philippines corporation; SPI/SEMICON EUROPE GmbH, INC., an Austrian corporation; DML, INC., a Nevada corporation; DAVID KIETZKE, an individual; LARRY KIETZKE, an individual; MICHAEL KIETZKE, an individual; and DOES 1-50, inclusive, | | |
| Defendants. | | |

**I.   INTRODUCTION**

Imagine Inc. ("Plaintiff") brought this action against SPI/Semicon, Inc., <u>et al</u>. ("Defendants") in the Superior Court for the County of Alameda, California, alleging causes of action for, <u>inter alia</u>, breach of contract and fraud.  Defendant DML, Inc. is incorporated in Nevada, as is Plaintiff.

Defendants timely removed the action to this Court based on diversity of the parties, alleging that the non-diverse defendant, DML, Inc., is a "sham defendant who must be disregarded in

determining diversity."[1]  Defendants have also filed a motion to dismiss certain defendants for lack of personal jurisdiction and to dismiss certain causes of action for failure to state a claim upon which relief can be granted.

The Court ordered Defendants to show cause why this action should not be remanded to state court.  The Court has received responses from both parties on this issue.

The Court, for the reasons contained herein, REMANDS this action to state court.  Defendants' motions are DISMISSED as moot.

**II.   BACKGROUND**

The following facts are taken from the Complaint and will be assumed as true for purposes of this Order.

Plaintiff is a corporation organized under the laws of Nevada.  See Complaint ¶ 1 ("Compl."); Notice of Removal ¶ 7 ("NR").  Defendant DML, Inc. is also a Nevada corporation. See Compl. ¶ 5; NR ¶ 8.  Defendant David Kietzke is an officer and agent of Defendants SPI Domestic, SPI Philippines, and SPI Europe. See Compl. ¶ 5.  Defendants David Kietzke, Larry Kietzke, and Michael Kietzke are sole owners of 100% of the shares of stock in Defendant DML, Inc.  See id. at ¶ 10.

---

[1] Suits filed in state court may be removed to federal court where the federal court would have had original jurisdiction over the action in the first instance.  See 28 U.S.C. § 1441(a).  The federal courts have "original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  The federal courts have original jurisdiction over all civil actions where the matter is between citizens of different states and where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.  See 28 U.S.C. § 1332.

In 1996, Plaintiff started providing a "variety of consulting services to SPI Domestic." Id. ¶ 19.  In 1997, SPI Domestic and Plaintiff "reduced their consulting agreement to writing" by executing the Consulting Agreement. Id.  Plaintiff alleges that Defendants refused to pay the compensation mandated by the Consulting Agreement. See id. ¶¶ 41,47, 56.

As a result, Plaintiff filed suit in the Superior Court of California for the County of Alameda, alleging causes of action for breach of an oral contract, fraud, quantum meruit, and others. See Compl.  Defendants timely removed this action to the U.S. District Court for the Northern District of California.

Plaintiff asserts that "a unity of interest and ownership [exists] between" the corporate and individual defendants such that "any separateness between them has ceased to exist," and that the Kietzke Defendants "intermingled or failed to segregate the assets of" the SPI corporations and DML, Inc. Id. 12-13.  This "unity of interest and ownership" has resulted in the SPI Defendants and DML, Inc. to be "the alter egos" of the Kietzke Defendants. Id.  Plaintiff alleges that the intermingling of the corporations' assets with those of DML, Inc. was done to "evade payment of obligations owed to Imagine as a creditor of SPI Philippines and SPI Europe." Id. ¶ 12.

**III. DISCUSSION**

On the face of the Complaint, it appears that complete diversity is lacking.

Yet, Defendants removed to this Court alleging that diversity jurisdiction exists. To this end, Defendants contend that "DML is

a sham defendant who must be disregarded in determining diversity" because "DML is not alleged to be the alter ego of SPI Asia or of SPI Europe, the only Defendants with whom Plaintiff alleges it contracted. As DML is not alleged to be the alter ego of SPI Asia or SPI Europe, and is further not alleged to be the agent of either, as a matter of law, it cannot be liable for their actions." NR ¶ 17. In their present papers, Defendants assert that "DML is but a sham defendant, in that nowhere does Plaintiff allege that any of the other Defendants are the alter egos of Defendant DML." Defendants' Response to Court's Order to Show Cause at 2.

The Court needed further briefing on the issue of subject matter jurisdiction, an issue Plaintiff had not raised. Consequently, the Court ordered Defendants to provide such briefing.

A federal court may examine the question of subject matter jurisdiction sua sponte. See Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). When a court lacks jurisdiction, the "only function remaining to the court is that of announcing the fact and dismissing the cause." Id., quoting Ex parte McCardle, 7 Wall. 506, 514 (1868).

Defendants face a steep upward climb. Not only is the removal statute strictly construed against removal, see Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988), but defendants alleging that a plaintiff is fraudulently joined must "show that individuals joined in the action cannot be liable on any theory." Ritchey v. Upjohn Drug Company, 139 F.3d 1313, 1319 (9th Cir.

United States District Court
For the Northern District of California

1998).  Making such a showing is all the more difficult because "all questions of fact and all ambiguities in the controlling state law are [to be] resolved in plaintiff's favor."  <u>Calero v. Unisys Coporation</u>, 271 F. Supp. 2d 1172, 1176-1177 (N.D. Cal. 2003) (citation and quotation marks removed).

The Court finds that Defendants have not demonstrated that there is no possibility that Plaintiff could allege a claim against DML, Inc.  Taking the allegations as true, if Defendants used DML, Inc. as a way of avoiding paying the contractual compensation, then it is possible that Plaintiff has a claim against DML, Inc.  Contrary to Defendants assertions, Plaintiff has not merely stated that simply because a parent owns subsidiaries, it is liable for the actions of the subsidiaries.  Rather, Plaintiff also alleges that DML, Inc. was actually used by Defendants to evade their contractual obligations.  Even if Plaintiff's alter ego allegation is baseless, Defendants have not shown that Plaintiff cannot bring a claim against DML, Inc. as a participant or conspirator in the alleged wrongdoing.

The Court finds that DML, Inc., is at present a proper, not a sham, defendant.  Its presence in this action destroys diversity.  Therefore, the Court lacks jurisdiction over this matter.  Accordingly, the Court REMANDS this action to the state court from whence it came and DISMISSES Defendants' motions as moot.

//
//
//
//

5

**IV.   CONCLUSION**

Because it lacks jurisdiction, the Court REMANDS this action to the Superior Court of California for the County of Alameda. Defendants' motions are DISMISSED as moot.

IT IS SO ORDERED.

Dated: September 5, 2006

_____
UNITED STATES DISTRICT JUDGE